UNITED STATES of America, Plaintiff–Appellee,

v.

Lamont BIGGS, Defendant–Appellant.

No. 07–50490.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2009.

Filed March 2, 2009.

---

ed by 9th Cir. R. 36–3.

Kyle W. Hoffman, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Arthur Henry Weed, Esquire, Santa Barbara, CA, for Defendant–Appellant.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

MEMORANDUM *

Lamont Biggs appeals his sentence for violating the terms of his supervised release. Although we vacate the district

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's finding that Biggs violated the condition of his supervised release to not commit a federal, state, or local crime, we affirm the sentence imposed based on Biggs' actual conduct.[1]

Biggs does not dispute that he violated the terms of supervised release at issue in Allegations 4 and 5 of the Petition for Warrant or Summons for Offender Under Supervision ("Petition"). Instead, Biggs argues that the district court erred by finding a violation based on Allegations 1 through 3 because, despite his Canadian conviction, he committed no federal, state, or local crime. This, Biggs argues, incorrectly resulted in sentencing based on a Grade A violation when a violation based solely on Allegations 4 and 5 would only have resulted in a Grade C violation and a lesser sentence. Biggs also argues that his right to due process was violated because he did not receive notice of the need to defend against his actual conduct.

■ At oral argument, and in a subsequent letter to the court dated February 9, 2009, the Government conceded that Biggs' foreign conviction does not, by itself, support a violation of supervised release as alleged in Allegations 1 through 3. We agree. The mandatory condition of supervised release prohibiting the commission of a federal, state, or local crime refers only to the commission of domestic offenses. *See* 18 U.S.C. § 3583(d) (2006); *see also Small v. United States,* 544 U.S. 385, 388–89, 391, 125 S.Ct. 1752, 161 L.Ed.2d 651 (2005) (holding that, absent an indication otherwise, statutes are presumed to only have domestic application). Therefore, the imposition of a Grade A sentence based on Allegations 1 through 3 was in error, and we vacate such findings.

■ However, the inquiry does not end here. As Biggs concedes, his actual conduct in Canada can support a finding of a Grade A violation of supervised release under Section 7B1.1(a)(1) of the U.S. Sentencing Guidelines. *See* U.S. Sentencing Guidelines (U.S.S.G.) § 7B1.1(a)(1) (stating that a Grade A violation exists when the defendant's conduct constitutes a federal, state, or local controlled substance offense); *see also id.* § 7B1.1 cmt. n. 1 (stating that "the grade of the violation is to be based on the defendant's actual conduct"). Here, the district court found that Biggs violated Allegations 6 and 7 of the Second Amended Petition for Warrant or Summons for Offender Under Supervision ("Second Amended Petition"). The conditions of supervised release at issue in Allegations 6 and 7 prohibited Biggs from committing specific conduct, not a federal, state, or local crime. Furthermore, these conditions bore no geographic restriction. The district court held that Allegation 6 constituted a Grade A violation of supervised release. This alone supports Biggs' sentence. *See* U.S.S.G. § 7B1.1(b) (stating that when there is more than one violation of supervised release, the violation with the most serious grade level controls).

■ Biggs' only argument is that his due process rights were violated because he did not receive notice that his actual conduct could form the basis of the charges against him. We disagree. Even if the Petition did not properly give notice of the need to defend against actual conduct, the Second Amended Petition did. The probation officer filed the Second Amended Petition, which included allegations of conduct-based violations, on April

1. Because the parties are familiar with the facts of the case, we repeat them here only as necessary.

9, 2007. The evidentiary hearing took place on August 27, 2007. Therefore, Biggs was on notice for over four months of the need to defend against allegations based on his actual conduct. As Biggs acknowledged at oral argument, absent relief on his due process argument, his violation properly supports a Grade A sentence. For the reasons set forth above, the sentence imposed by the district court is AFFIRMED.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.